**Lydia BASKO, Plaintiff,**

v.

**WINTHROP LABORATORIES, INC. and Sterling Drug Company, Inc., Defendants.**

**Civ. No. 11285.**

United States District Court
D. Connecticut.

April 17, 1967.

Morgan P. Ames, of Cummings & Lockwood, Stamford, Conn., and Helen F. Krause, Trumbull, Conn., for plaintiff.

Donald St. John, Bridgeport, Conn. (Paul V. McNamara, Bridgeport, Conn., on the brief), for defendants.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

In this diversity action to recover for personal injuries allegedly caused by use of medicinal drugs manufactured by defendants, the essential question presented by plaintiff's motion to strike, pursuant to Rule 12(f), Fed.R.Civ.P., is whether defendants have waived their right to interpose defenses of statutes of limitations by reason of their long delay in seeking to raise such special defenses by amendment to the answer.

The Court holds that defenses of limitation of action have been waived; accordingly, plaintiff's motion to strike the first, third and fourth special defenses of the amended answer, filed March 8, 1967, is granted.

## PRIOR PROCEEDINGS

The relevant prior proceedings in the case are as follows:

On February 16, 1966, plaintiff's four count complaint was filed. It alleged, inter alia, that from April of 1953 to October 16, 1961 plaintiff had consumed certain drugs manufactured by defendants in connection with treatment for a disease known as lupus erythematosus; that such drugs were defective products, inherently dangerous to health; and that such drugs had caused severe damage to plaintiff's eyes, culminating in permanent and total blindness as of January, 1966. Breach of warranty, negligence and wanton misconduct were assigned as causes of action against defendants.

On April 1, 1966, defendants filed their original answer, denying the material allegations of counts one, two and three; a supplementary answer was filed on June 1, 1966, denying the material allegations of count four.

Also filed on June 1, 1966 was a copy of a letter from counsel for defendants to plaintiff's counsel, mentioning the possibility of a motion to add an unspecified "special defense", depending upon the results of plaintiff's deposition and answers to interrogatories.

Plaintiff's answers to interrogatories were filed on June 17, 1966; plaintiff's deposition was taken on August 22, 1966 and filed on August 26, 1966.

On December 2, 1966, defendants filed a motion, pursuant to Rule 15(a), Fed.R.Civ.P., for permission to amend their answer by adding four special defenses, three of which alleged that relevant limitations periods had expired prior to commencement of the suit. The three statutes of limitations in question provide in pertinent part:

(1) Conn.Gen.Stat. § 52–577 (1958):
    "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

(2) Conn.Gen.Stat. § 52–584 (1958):
    "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within one year from the date when the injury is first sustained or discovered or in the

exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . .."

(3) Conn. Gen. Stat. § 42a–2–725 (1958):

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. . . ."

Defendants' motion to amend was heard and granted on January 3, 1967 without argument on the central issue of waiver, but plaintiff was granted leave to bring any appropriate motion,[1] with supporting brief, addressed to the question of waiver with respect to any and all parts of the conditionally granted amendment.

The instant motion to strike, claiming waiver of limitations defenses, was filed on January 26, 1967, and was fully heard on March 6, 1967.

## CLAIMS OF THE PARTIES

Plaintiff contends that waiver of limitations defenses has occurred by reason of defendants' excessive delay in seeking to raise such defenses, and that such delay would result in great prejudice to plaintiff if the amended answer were allowed to stand, in that plaintiff's medical discovery proceedings have ignored questions of time of accrual of the causes of action, and in that it is now too late for plaintiff to commence suit in other jurisdictions with more liberal statutory limitations periods.

On the other hand, it is defendants' contention that plaintiff was put on notice by the letter filed June 1, 1966, referring to the possibility of a motion to add an unspecified special defense, so that claims of waiver or prejudice are without foundation.

## WAIVER OF LIMITATIONS DEFENSES

In the view taken by the Court, the circumstances disclosed by this case compel a finding of waiver of limitations defenses, even without regard to the vague manner in which the possibility of defendants' seeking to add "a special defense" was raised by the letter filed on June 1, 1966.

The complaint, filed on February 16, 1966, alleges that plaintiff took dosages of defendants' drugs from April of 1953 to October 16, 1961.[2] Although the original answer was not filed until April 1, 1966, defendants did not interpose the affirmative defense of limitations, as contemplated with respect to such a responsive pleading by Rule 8(c), Fed.R. Civ.P., and failed to express any intention of raising such defense by later amendment. Confronted with a complaint raising the issue of products liability based upon plaintiff's consumption of the allegedly defective and harmful product during a period of time commencing thirteen years prior to, and ending over four years prior to, institution of the suit, limitation of action would seem the obvious defense; if counsel believed that any serious question might exist as to possible expiration of the relevant statutory limitations periods, then in fairness to all parties the defense of statute of limitations should have been explicitly perserved in the

---

1. Such as the instant motion to strike, pursuant to Rule 12(f), Fed.R.Civ.P. See, e. g., Empire Tractor Corp. v. Time, Inc., 10 F.R.D. 121, 122 (E.D.Pa. 1950).

2. Complaint, para. 7.

answer.[3]  As it was, the matter was not raised in any specific form until defendants' motion to amend was filed on December 2, 1966; the misleading nature of the original answer, together with the ensuing long delay in seeking amendment, amounted to waiver.[4]

### CONCLUSION

Defendants having waived their right to interpose defenses founded upon statutes of limitations, plaintiff's motion to strike the first, third and fourth special defenses of the amended answer is granted.

---

3. This is all the more true since the controlling provisions of Rule 12(h), Fed.R. Civ.P,. stated at the time that:

   "*A party waives all defenses* and objections *which he does not present . . . in his answer* or reply (with certain inapplicable exceptions) . . . ." (emphasis added)

4. It might well constitute an abuse of discretion for the Court to rule otherwise. See Ricciuti v. Voltarc Tubes, Inc., 277 F.2d 809, 814 (2 Cir. 1960).