Laura HAYDEN, Plaintiff-Appellant,

v.

FORD MOTOR COMPANY, Defendant-
Appellee.

No. 73-2066.

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1974.

Decided May 31, 1974.

Robert B. Spurlock and Robert L.
Brown, Bucyrus, Ohio, for appellant;
Cory, Brown & Pfeifer, Bucyrus, Ohio,
Robert B. Spurlock, Myers, Spurlock,
Sears & Pry, Bucyrus, Ohio, Lawrence
R. Elleman, Dinsmore, Shohl, Coates &
Deupree, Cincinnati, Ohio, on brief.

Michael R. Gallagher, Cleveland, Ohio, for appellee; James F. Sweeney, Cleveland, Ohio, on brief; Hauxhurst, Sharp, Mollison & Gallagher, Cleveland, Ohio, of counsel.

Before EDWARDS, MILLER and ENGEL, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

On January 9, 1970 the plaintiff, Laura Hayden, on the basis of diversity of citizenship filed in the court below her personal injury action against the Ford Motor Company, alleging that she was injured on June 20, 1965, while driving a pick-up truck manufactured by the defendant. The accident occurred in Arizona while the plaintiff, an employee of the Crawford County, Ohio, Children's Home, was transporting children from the Home on a trip through the Western United States. She alleged that a malfunction of the right wheel assembly of the Ford truck caused it to become uncontrollable. As a result it overturned and plaintiff, as she alleges, sustained severe and permanent injuries.

On June 21, 1967, one year and eleven months after the accident, and almost thirty-one months prior to the filing of the present action in federal court, the plaintiff filed a similar action against Ford Motor Company in the Common Pleas Court of Crawford County, Ohio. Since Ohio has a two-year statute of limitations for personal injury law suits,[1] the state action was timely filed. The federal action, however, was not filed until after the lapse of the two-year period prescribed by the Ohio statute. When the action was filed in federal court the state action was pending for trial on the merits.

The defendant, on September 21, 1970, filed its answer in federal court, pleading to the merits but making no reference to the statute of limitations defense. On December 20, 1971 the plaintiff, after engaging in extensive discovery procedures going to the substantive issue, voluntarily dismissed the pending state court action without prejudice.

Almost six months later, on June 15, 1972, the defendant applied for leave to file an amended answer to assert the Ohio statute of limitations as a defense. On September 22, 1972, the district court granted the defendant's motion and the statute was then formally pleaded as a bar to plaintiff's action.

Plaintiff thereafter moved to amend her complaint principally for the purpose of adding a claim for punitive damages. The motion having been granted, an amended complaint was filed accordingly. In response to the amended complaint the defendant filed an amended answer, again pleading the statute of limitations. On August 15, 1973, pursuant to a motion by the defendant, the district court granted summary judgment in favor of the defendant, upon the ground that plaintiff's action was barred by the Ohio statute of limitations.

■ Under Ohio law as well as under the Federal Rules of Civil Procedure, the statute of limitations is an affirmative defense which must be pleaded as such. In this case, Ford Motor Company did not attempt to raise the statute of limitations as a bar to the litigation until almost thirty months after the filing of the action in federal court, nor until six months after the plaintiff had voluntarily dismissed the state court action then pending on its merits.[2]

■ Normally, federal courts favor liberality in permitting amendments to pleadings. Rule 15(a) of the Federal Rules of Civil Procedure provides:

"(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a respon-

---

1. Ohio Revised Code Section 2305.10. Bodily Injury or Injury to Personal Property:

   An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

2. After a voluntary dismissal, a plaintiff may not under Ohio law refile the action in the Ohio state courts.

sive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.* \* \* \* " (Emphasis supplied)

■ When "justice so requires" is within the trial court's broad range of discretion. The plaintiff argues here that the district court abused its discretion by allowing the defendant to amend its answer despite substantial prejudice to the plaintiff. The defendant urges that the question of whether the district court should have granted the defendant's motion for leave to amend was rendered moot when the plaintiff filed an amended complaint to which the defendant was required to respond, thus allowing the defendant another opportunity to plead the statute of limitations. At first glance, this argument would appear not to be devoid of merit. Yet upon closer scrutiny, we are convinced that the disposition of the critical issue in this case should not be made upon the basis of a federal pleading analysis. This approach would require solution of two pleading problems: First, it would be necessary to determine whether the district court abused its discretion in allowing the defendant to file its first amended answer raising the limitations defense. Secondly, it would be necessary to inquire whether the plaintiff's amended complaint removed any problem concerning the allowance of the second amended answer. This analysis might conceivably result in a disposition of this case that would totally disregard the true purposes of statutes of limitations as well as the circumstances under which limitation periods may be waived. Such a method of solving our present problem by focusing upon the rules of pleading, as the district court in large part did in this case, would be reminiscent of the days of common law pleading when the strict rules and forms of pleading were sovereign and frequently were permitted to prevail over substance.

The more basic issue here addresses itself to the nature and scope of a limitations statute as a defense in a civil action as well as to the question of when and under what state of facts the defense must be considered as waived.

■ If Ohio law has answered these questions, we would be required to follow it. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Our examination of the Ohio decisions has failed to disclose any case defining the fundamental nature of the limitations defense. It is true that language appears in the Ohio Supreme Court's opinion in Aetna Casualty & Surety Co. v. Hensgen, 22 Ohio St.2d 83, 87, 258 N.E.2d 237 (1970), to the effect that statutes of limitations are personal privilege defenses subject to waiver. Yet this language must be read in connection with the terms of an Ohio statute expressly providing that defenses of this nature are waived unless raised before answer to the merits. We are persuaded, however, that the Ohio Supreme Court would apply what appears to be the generally accepted view that statutes of limitations are designed primarily for the benefit of persons against whom claims may be made and, in consequence, are "personal privilege" defenses that are waived unless asserted at the earliest possible moment. A fair statement of the rule appears in 53 C.J.S. Limitations of Actions § 24, p. 958:

> Since a statute limiting the time within which actions shall be brought is for the benefit and repose of individuals and not to secure general objects of policy or morals, and it is regarded as a personal privilege, it is a general rule that the protection may be waived by one entitled to rely on it, unless the statutory provision is jurisdictional, or goes to the right of action, and broadly speaking the rule as

to waiver applies in respect of the bar of any statute which is a mere restriction on the remedy as distinguished from a limitation on the right.

*See also* Strauss v. Douglas Aircraft, 404 F.2d 1152, 1155 (2d Cir. 1968); Wagner v. Fawcett Publications, 307 F. 2d 409, 412 (7th Cir. 1962), cert. den. 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718; Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190, 215 (9th Cir. 1964).

The theory underlying the statutes is that it is essentially unfair to fail to put an adversary on notice within prescribed periods of time. There comes a time when the right to be free of stale claims should prevail over the right to prosecute them. *See* Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 349, 64 S.Ct. 582, 88 L.Ed. 788 (1944).

In discussing the nature of the statute of limitations defense and its subsequent waiver, a district court in Basko v. Winthrop Laboratories, Inc., 268 F. Supp. 26, 28 (D.Conn.1967) concluded:

> . . . if counsel believed that any serious question might exist as to possible expiration of the relevant statutory limitations periods, then in fairness to all parties the defense of statute of limitations should have been explicitly preserved in the answer. As it was, the matter was not raised in any specific form until defendants' motion to amend was filed on December 2, 1966; the misleading nature of the original answer, together with the ensuing long delay in seeking amendment, amounted to waiver.

The district court in Faith v. Texaco, Inc., 48 F.R.D. 118, 121 (W.D.Mich. 1969), used similar language in setting forth the circumstances constituting a waiver of the statute of limitations:

> Limitation of action would thus seem to have been an obvious defense four years ago, or at least two and a half years ago. If counsel believed that any serious question might exist as to possible expiration of the rele-

vant statutory limitations periods, then in fairness to all parties, the defense should have been explicitly preserved in the answer, or as soon thereafter as possible. The misleading nature of the original answer, together with the ensuing long delay in seeking amendment and consequent prejudice to the plaintiff amounted to a waiver of the defense of the statute of limitations. Basko v. Winthrop Laboratories, Inc., 268 F.Supp. 26 (D.Conn. 1967) (Timbers, C. J.). See also Smith v. Insurance Co. of North America, 30 F.R.D. 540 (M.D.Tenn.1962); Roe v. Sears Roebuck & Co., 132 F.2d 829 (7th Cir.1943); Strauss, supra.

■ If it should be argued that the statute is not waived if the plaintiff suffers no detriment from the defendant's delay in asserting the defense, the answer on the present record would have to be that detriment and prejudice to the plaintiff are unmistakable. Defendant had notice of the pending litigation with this plaintiff in the state court for two and one-half years before the plaintiff filed the present action in federal court. By the time the defendant filed its original answer in federal court, the statute of limitations was a very obvious defense. Yet it was not pleaded. The plaintiff, acting to her detriment in dismissing the state action and in pursuing extensive discovery addressed to the merits, was obviously lulled into a false sense of security because of the defendant's failure to raise the statute as a defense in the federal litigation. It is difficult to imagine a situation where a plaintiff could have suffered more harm because of a defendant's procrastination and delay in pleading the statute than the situation appearing in the present record. Whatever the motives behind the plaintiff's and defendant's pleading strategy, to allow the defendant to raise the bar of the statute of limitations after so long a delay and after so many intervening acts had occurred, would make a mockery of the intent and purpose of the statute of limitations.

We hold therefore that the defendant waived the statute of limitations defense and that the district court's summary judgment based on that defense cannot stand.

The judgment of the district court is reversed and the action is remanded for further proceedings consistent with this opinion.