**AMERICAN AIR FILTER COMPANY, INC., Plaintiff,**

v.

**INDUSTRIAL DECKING AND ROOFING CORPORATION et al., Defendants.**

No. CIV-2-78-173.

United States District Court, E. D. Tennessee, Northeastern Division.

May 25, 1979.

William T. Gamble, Kingsport, Tenn., for plaintiff.

Thomas E. Cowan, Jr., Elizabethton, Tenn., J. Frank Bryant, Johnson City, Tenn., Edwin L. Treadway, and William T. Wray, Jr., Kingsport, Tenn., J. Paul Coleman, and James E. Brading, Johnson City, Tenn., G. P. Gaby, Carleton W. Smith, Greeneville, Tenn., and Darryl G. Lowe, Knoxville, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendants Messrs. Barbee, Bonner, Robinson, Martin, and Allen & Hoshall, Inc. moved the Court for leave to amend their answer herein of January 25, 1979 so as to raise as an affirmative defense the bar of the statute of limitations. Rule 15(a), Federal Rules of Civil Procedure. The plaintiff objected to such proposed amendment on the ground that these defendants waived such defense " * * * when they failed to raise it either in their answer or an amendment of right thereto."

The present motion presents more than a mere question of federal pleading; rather, the more basic issue here addresses itself to

the nature and scope of a limitation statute as a defense in a civil action as well as to the question of when and under what circumstances the defense must be considered as waived. *Hayden v. Ford Motor Company*, C.A. 6th (1974), 497 F.2d 1292, 1294. In this diversity action, these questions must be answered by reference to Tennessee law. *Ibid.*, 497 F.2d at 1294[4].

■ Under the law of Tennessee, the bar of a statute of limitations is an affirmative defense which must be pleaded. *Travelers Insurance Company v. Austin* (Tenn., 1975), 521 S.W.2d 783, 785[1]. " * * * If the statute is not plead in proper time and manner it is deemed waived and cannot be set up as a defense. * * * " *Denny v. Webb* (1955), 199 Tenn. 39, 281 S.W.2d 698, 701[4]. Precisely when a plea of the statute of limitations must be made in Tennessee, in order to avoid being waived, is not clear. However, this Court concludes that, under the circumstances presented herein, the Tennessee Supreme Court would not deem the movants to have waived this defense by their failure to assert it earlier.

Although the Tennessee Supreme Court held that an amendment to plead the statute of limitations ought not to be allowed when offered 3 years after the filing of the original answer, *Wilson v. Wilson* (1878), 70 Tenn. (2 Lea) 17, it recognized that a trial judge has the discretion to grant or deny a defendant leave to so plead, even after the trial of the case has commenced, *Nunnelly v. Southern Iron Company* (1895), 94 Tenn. 397, 407, 29 S.W. 361; *Clark v. Thomas* (1871), 51 Tenn. (4 Heisk.) 419, 424. Furthermore, Rule 12.08 of the Tennessee Rules of Civil Procedure [1] appears to contemplate that certain affirmative defenses, such as the bar of a statute of limitations, may be raised by amendment to an answer without its having been waived by the failure to assert the same in the original answer.

*Hayden v. Ford Motor Company, supra,* upon which the plaintiff relies, is readily distinguishable from the present situation. Therein, the Court of Appeals for the Sixth Circuit, anticipating what the Ohio Supreme Court might do if squarely faced with the question, concluded that such state would follow the general rule that the statute of limitations defense is waived " * * * unless asserted at the earliest possible moment. * * * " *Ibid.*, 497 F.2d at 1294[5].[2] As far as this Court can tell, Tennessee has never adopted such a stringent rule nor is there any indication that the Tennessee Supreme Court would do so. Rather, as indicated, Tennessee appears to be very liberal in this regard by committing the matter to the discretion of the trial judge as with other types of proposed amendments to the pleadings. Furthermore, the gross delay in raising the statute of limitations defense in *Hayden* is not present here, nor is potential prejudice to the plaintiff.

■ Accordingly, the Court concludes that, under the law of Tennessee, the movants have not waived their right to plead the statute of limitations as an affirmative defense herein.

■ The foregoing conclusion, based upon state law, is fully in accord with the federal procedural rules. It is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of technicalities. *Foman v. Davis* (1962), 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222, 225 (headnote 3). " * * * 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' * * * " *Ibid.*, 371 U.S. at 181–182, 83 S.Ct. at 230, 9 L.Ed.2d at 225–226 (headnote 4).

1. " * * * A party waives all defenses * * which he does not present either by motion * * *, or, if he has made no motion, in his answer or reply, *or any amendments thereto* * * *." Rule 12.08, Tennessee Rules of Civil Procedure.

2. Ohio had a statute " * * * expressly providing that defenses of this nature are waived unless raised before answer to the merits. * * * " *Idem.*; compare this with Rule 12.-08, *supra* permitting such a defense to be raised by amendment to the answer.

One of the purposes for which leave to amend an answer may be granted under Rule 15(a), *supra*, is to set up additional defenses, particularly defenses which if not pleaded might be waived.[3] 3 Moore's Federal Practice (2d ed.) 888–889, ¶ 15.08[3]. Thus, where a party wishes to amend his answer to assert a defense which must be stated affirmatively under Rule 8(c), Federal Rules of Civil Procedure, or may be deemed waived under Rule 12(h), Federal Rules of Civil Procedure, " * * * the amendment should be allowed unless substantial prejudice would result to the opposing party. * * *" *Harvey v. Eimco Corp.*, D.C.Pa. (1963), 32 F.R.D. 598, 599 n. 4.

■ As a matter of federal practice, this Court has the discretion to permit the defense to amend defensive pleadings at almost any stage of the proceedings, so as to raise the statute of limitations as a defense. See *Zenith Radio Corp. v. Hazeltine Research* (1971), 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77, 87[3–5], rehearing denied (1971), 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552; *Senter v. General Motor Corp.*, C.A. 6th (1976), 532 F.2d 511, 530[43], certiorari denied (1976), 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150; *United States v. Masonry Cont. Ass'n of Memphis, Inc.*, C.A. 6th (1974), 497 F.2d 871, 877; *Bireline v. Seagondollar*, C.A. 4th (1977), 567 F.2d 260, 262[1]; see also *Heller v. Smither*, D.C. Tenn. (1977), 437 F.Supp. 1, 2[3], n. 3, affirmed C.A. 6th (1978), 578 F.2d 1380 (table). Having considered the factors set forth by the Supreme Court in *Foman v. Davis, supra*, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226 (headnote 6), the motion for leave to amend hereby is

GRANTED.

The motion of the same parties (as defendants-by-cross-claim) for leave to amend the answer to the cross-claim hereby is

GRANTED.

---

3. *Accord*: 5 Wright & Miller, Federal Practice and Procedure: Civil 871, § 1394: " * * * A party may avoid waiver by seeking leave from the court to amend his pleadings to interpose an affirmative defense that he has inadvertent-ly omitted. * * *"