**BODENHAMER BUILDING CORP., Plaintiff,**

v.

**ARCHITECTURAL RESEARCH CORP., et al., Defendants.**

**No. 83–CV–1887–DT.**

United States District Court, E.D. Michigan, S.D.

July 1, 1985.

Charles D. Bavol, Detroit, Mich., for plaintiff.

Eric A. Linden, Detroit, Mich., for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT

LA PLATA, District Judge.

On May 16, 1983, Plaintiff, Bodenhamer Building Corporation, filed a Complaint against the above-named Defendants, seeking, essentially, to enforce a judgment entered against Defendant Architectural Research Corporation on October 14, 1982, in the United States District Court for the Southern District of Georgia. In their answer, filed on June 21, 1983, Defendants did not interpose any affirmative defenses.

In a Motion filed on April 3, 1985, Defendants sought leave of the Court to Amend their answer in order to assert two affirmative defenses. In regard to Count III of Plaintiff's Complaint, Violation of the Michigan Bulk Sales Act, Defendants seek to assert that the statute of limitations related to the claim, M.C.L. 440.6111, expired. Concerning Count I of the Complaint, "Disregard of the Corporate Entity," Defendants seek affirmatively to defend on the basis that the claim is barred by the doctrine of res judicata.

Vigorously opposing the Motion to Amend, Plaintiff, relying on Fed.Rules of Civ.P. 8(c) and 12(b), maintains that Defendants' failure to plead the affirmative defenses in their initial pleading constitutes a waiver of the defenses. Additionally, Plaintiff contends that it will sustain prejudice by an amendment, in light of a discovery cut-off date of May 1, 1985, and an impending trial.

The procedural rule governing amendments of pleadings, Fed.R.Civ.P. 15(a), prescribes:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar,

he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

■ The foregoing court rule is designed to permit a party, acting in good faith, to amend unless his opponent would sustain undue prejudice as a result of the revised cause of action or defense. *United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960); C. Wright, Law of Federal Courts, 66 (3d ed. 1976). As delineated in the frequently cited case of *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), a motion to amend generally should be granted, and denied only for specified reasons:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

■ Under Fed.R.Civ.P. 12(b), the affirmative defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process are waived unless interposed prior to, or at the time of, the filing of Defendant's first responsive pleading. 5 C. Wright and A. Miller Federal Practice & Procedure, § 1391 (1969). With respect to defenses other than the four aforementioned ones, a trial court has discretion to permit a party to amend his responsive pleadings in order to add an affirmative defense. See *American Air Filter Co. v. Industrial Decking and Roofing Corp.,* 82 F.R.D. 681, 683

(E.D.Tenn.1979); *Bergman v. United States,* 551 F.Supp. 407, 423–24 (W.D. Mich.1982).

In *Harvey v. Eimco Corp.,* 32 F.R.D. 598 (E.D.Pa.1963), the Plaintiff filed a products liability action based on negligence and a breach of warranty. More than two years after the complaint was filed, the defendant sought leave of the Court to amend its answer to interpose the affirmative defenses of contributory negligence, statute of limitations, and assumption of risk. Opposing the motion, the plaintiff contended that the proposed amendment was untimely and prejudicial to him. In granting the motion to amend, the District Court held that Plaintiff was aware of at least two of the affirmative defenses:

> Under the particular facts of this case, defendant's Motion will be granted. Plaintiff has not proved that the delay in filing this Motion led him to believe that the defenses would not be asserted. He was warned as early as December 1960 that contributory negligence and assumption of risk defenses might be interposed. On July 19, 1961, defendant set forth for plaintiff's benefit its contentions as to contributory negligence, the facts on which the contentions were based, and stated that investigation on this point was continuing (see Document 29, Answer to Interrogatory 62). At least since the latter date, plaintiff has been aware that defendant considered contributory negligence a real defense. It would have been reasonable for plaintiff to realize that, in pursuing discovery concerning contributory negligence, the defendant might well uncover a possible defense based on assumption of risk. On this record, it cannot be said that allowing the amendment insofar as the contributory negligence and assumption of risk defenses are concerned would be prejudicial to plaintiff.

■ In regard to the statute of limitations defense, the record indicates that Defendants herein raised the issue in a Motion for Summary Judgment, which was denied on the basis that Plaintiff possibly would

**524**

be able to demonstrate concealment by Defendants. Clearly, Plaintiff was placed on notice early in the litigation that Defendants intended to rely upon the six-month statute of limitations provision embodied in the Bulk Sales Act. See, for example, *Rhode Island Affiliate v. Rhode Island Lottery Commission,* 553 F.Supp. 752, 770 n. 14 (D.R.I.1982), and *Joseph Ciccone & Sons, Inc. v. Eastern Industries, Inc.,* 537 F.Supp. 623, 628–629 (E.D.Pa.1982).

A review of the record discloses that the res judicata affirmative defense was not raised, either expressly or impliedly, until the instant motion to amend. More than twenty-two months have elapsed since Defendants answered the Complaint, during which time extensive discovery has taken place. Presumably, Defendants have been aware throughout the litigation of the potential affirmative defense of res judicata.

In *Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.Del.1980), the District Court made the following observation concerning the belated assertion of an affirmative defense:

> As a practical matter, however, any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some "prejudice" to the nonmoving party.... [T]he proper standard is one that balances the length of the delay against the resulting prejudice.... [T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.

■ Applying the particulars of the case at bar to the foregoing authorities, this Court concludes that Defendants' lengthy delay in interposing the res judicata defense is unjustifiable. In view of an imminent trial date, the extensive discovery that has occurred, the duration of the delay, and Plaintiff's lack of notice of the res judicata defense, the Court finds that Plaintiff would incur undue prejudice by the inclu-

sion of the additional affirmative defense. Defendants had an obligation to raise the res judicata defense in a seasonable manner; their undue delay to do so can only cause irreparable injury to Plaintiff.[1]

WHEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Amend its Answer to interpose the affirmative defense of the statute of limitations is GRANTED. Defendants' Motion to Amend its Answer to assert the affirmative defense of res judicata is DENIED.

So Ordered.

---

1. Cases in which Courts have denied a Defendant's Motion to Amend his Answer in order to assert the affirmative defense of res judicata include *Evans v. Syracuse City School District,* 704 F.2d 44, 47–48 (2d Cir.1983), and *Weekes v. Atlantic National Insurance Co.,* 370 F.2d 264, 271 (9th Cir.1966).