652 F.2d 671
 26 Fair Empl.Prac.Cas. 450,
26 Empl. Prac. Dec. P 31,924
Shirley PIERCE, Plaintiff-Appellant,
v.
The COUNTY OF OAKLAND; The Oakland County Board of Auditors;
Daniel Key Murphy and Fred D. Houghton in their
official capacities, Defendants-Appellees.
 No. 79-1684.
 United States Court of Appeals,
Sixth Circuit.
 July 2, 1981.
 
 William Waterman, Waterman, Hooe, Curry & Hughes, Pontiac, Mich., for plaintiff-appellant.
 Jack C. Hays, John F. Ross, Jr., Pontiac, Mich., for defendants-appellees.
 Before MERRITT, KENNEDY and BOYCE F. MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a Title VII action in which Shirley Pierce alleges that she was discharged from her employment with the Oakland County Board of Auditors on account of her race. The District Court dismissed the complaint on the ground that the statute of limitations had run, and Pierce appeals.
 
 
 2
 Pierce was discharged from her employment in May of 1970. On May 13, 1970, she filed a complaint with the Michigan Civil Rights Commission alleging that her firing was racially motivated. For a period of about five years the Commission did virtually nothing about the complaint, which Pierce withdrew in October of 1975. On January 28, 1976, she filed this action. The defendants' answer did not raise the expiration of the statute of limitations as an affirmative defense. Nor did the defendants raise the defense at any of the three pre-trial conferences, although they apparently mentioned at one conference that they intended to raise a jurisdictional defense.
 
 
 3
 The case was set for trial on June 12, 1979. The defendants moved on that day to dismiss the action for failure to state a claim upon which relief could be granted because the statute of limitations had run. The District Court noted that, as a general rule, this was an affirmative defense which must be pleaded in the answer. It further observed, however, that when an affirmative defense appears on the face of the complaint, a complaint is subject to dismissal for failure to state a claim notwithstanding a defendant's failure to plead the affirmative defense. Because it was apparent from the face of the complaint that the three-year statute of limitations had run, the District Court granted the motion to dismiss. We affirm.
 
 
 4
 This court has expressed the view that an affirmative defense based on the statute of limitations must be pleaded in order to support a dismissal. Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964). See also United States v. Masonry Contractor's Assoc. of Memphis, 497 F.2d 871 (6th Cir. 1974). However, earlier Sixth Circuit cases have held that an affirmative defense is not waived, even though not specifically pleaded, where the defense clearly appears on the face of the pleading and is raised in a motion to dismiss. Berry v. Chrysler, 150 F.2d 1002 (6th Cir. 1945); A. G. Reeves Steel Construction Co. v. Weiss, 119 F.2d 472 (6th Cir.), cert. denied, 314 U.S. 677, 62 S.Ct. 181, 86 L.Ed. 541 (1941). This rule has been followed by lower courts in this circuit, see Heller v. Smither, 437 F.Supp. 1 (D.C.Tenn.1977), aff'd, 578 F.2d 1380 (6th Cir. 1978); Overseas Motors Inc. v. Import Motors Limited, Inc., 375 F.Supp. 499 (E.D.Mich.1974), aff'd, 519 F.2d 119 (6th Cir.), cert. denied, 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 304 (1975), and is in our view the general rule applicable in this circuit. See also 5 Wright & Miller, Federal Practice and Procedure, § 1277 at 332, § 1309 at 439 (1969).
 
 
 5
 It is clear, therefore, that the defense was not waived simply because it was raised in a motion to dismiss rather than in the answer. To so hold "would be reminiscent of the days of common law pleading when the strict rules and forms of pleading were sovereign and frequently were permitted to prevail over substance." Hayden v. Ford Motor Company, 497 F.2d 1292, 1294 (6th Cir. 1974).
 
 
 6
 We also hold that the circumstances of this case do not compel a finding that defendants waived the defense by failing to raise it for three and one-half years. Appellant did not forego other avenues of relief in reliance on defendants' failure to raise the defense, see Hayden, supra; Estes v. Kentucky Utilities Co., 636 F.2d 1131 (6th Cir. 1980); nor has appellant suffered litigation expenses sufficient to warrant the preclusion of the defense in a pretrial motion to dismiss. Id. at 1134-35.
 
 
 7
 The judgment of the District Court is affirmed.