AMAND LePRETRE, Plaintiff-Appellant, *v.* PETRIE BROS., INC., *et al.*, Defendants-Appellees.

Third District   No. 82—461

Opinion filed March 22, 1983.

Frank M. Brady, Sr., and Francis M. Brady, Jr., both of Dunn, Brady, Goebel, Ulbrich, Morel, Kombrink & Hundman, of Bloomington, for appellant.

Robert E. Hunt, of Goldsworthy & Fifield, of Peoria, for appellee Heineke Electric, Inc.

Charles G. Roth and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellee Petrie Bros.

Randall W. Moon, of O'Hern, Wombacher & Moon, of Peoria, for appellee Central Illinois Light Co.

JUSTICE SCOTT delivered the opinion of the court:

This action was brought by the plaintiff, Amand LePretre, to recover for personal injuries he suffered as a result of an explosion at his place of employment. Named as defendants were Petrie Bros., Inc., Heineke Electric, Inc., and Central Illinois Light Co. The plaintiff sought to recover from the defendants on theories of products liability and negligence. In response to motions filed by all three defendants, the circuit court of Peoria County dismissed plaintiff's complaint, finding it was barred by the two-year statute of limitations

set forth in section 14 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15). The plaintiff appeals the dismissal of his complaint.

On August 22, 1979, the plaintiff was injured in an explosion at his place of employment, Roanoke Farmers Association. At the time of the explosion, the plaintiff was in the scale house adjacent to a grain storage facility. The plaintiff was severely burned over his entire body and for treatment of his injuries was hospitalized from the time of the explosion until the week before Thanksgiving, 1979. For the first several months of his hospitalization, from August 22, 1979, until the last week of October 1979, the plaintiff remained in a state of confusion and disorientation. After his hospitalization, the plaintiff convalesced at his home until the spring of 1980.

At that time, in the spring of 1980, the plaintiff visited the grain storage facility and there talked with Morris Barth. Mr. Barth related to the plaintiff for the first time that there had been an investigation into the explosion and that an underground gas pipe connected to the scale house had been dug up and removed. Mr. Barth never told the plaintiff of the results of the inspection, nor did he clearly state to plaintiff exactly who or what entity removed the pipe to perform the inspection.

In November 1981, plaintiff was first advised of the possibility that his injuries were wrongfully caused when he met with an attorney in Bloomington, Illinois. Plaintiff filed suit to recover for his injuries on December 31, 1981. That suit was dismissed by the circuit court, which concluded that it was not timely filed. The plaintiff urges us to hold that conclusion to be inconsistent with recent decisions of our supreme court.

In *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976, *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864, and *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869, there evolved a new discovery rule which in certain cases can work to extend the statute of limitations. Specifically, the rule provides that the statute does not begin to run until a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused. (*Witherell v. Weimer*.) The plaintiff urges that this rule should be applied to the facts before us. If the rule were so applied, the plaintiff submits that the two-year statute of limitation period commenced not on the date of his injury, August 22, 1979, but at some point well within two years of the date suit was filed.

We note that in each of the decisions wherein the discovery rule has been applied the fact situations involved claims for injuries

and/or illnesses which manifested themselves gradually over a number of years, rather than injuries and/or illnesses resulting from a sudden traumatic event (*e.g.*, an explosion). In a decision predating *Knox College, Nolan* and *Witherell*, it was held that an action to recover for personal injuries resulting from a sudden traumatic event accrues when plaintiff first knew of his right to sue, *i.e.*, at the time when the injury occurred. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) Thus, if we are to adopt the plaintiff's position and apply the discovery rule to the instant facts, we must conclude that *Knox College, Nolan*, and *Witherell* overruled the prior decision in *Williams*. That conclusion is not supported by the reasoning of those subsequent decisions nor by recent holdings of other reviewing courts.

We first note that in the *Nolan* decision which adopted and applied the discovery rule, the sudden traumatic event rule set forth in the *Williams* decision was quoted from approvingly. This supports our view that in adopting the discovery rule, the supreme court had no intention of overruling *sub silentio* its prior decision in *Williams*. Further, the appellate court in *Bates v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 137, 438 N.E.2d 1250, and the United States Circuit Court of Appeals in *Lofton v. General Motors Corp.* (7th Cir. 1982), 694 F.2d 514, both reached the conclusion that the rule set forth in *Williams* has continuing vitality, and that where injuries are suffered as a part of a sudden traumatic event, the statute of limitations begins to run at the time when the injury occurs. Absent compelling differences or controlling precedent to the contrary, the well-established rule of *stare decisis* would have us follow the appellate court opinion in *Bates* (*Cornue v. Weaver* (1975), 29 Ill. App. 3d 546, 331 N.E.2d 148, *rev'd* (1976), 64 Ill. 2d 78, 354 N.E.2d 359), while according respectful consideration to the Circuit Court of Appeals' decision in *Lofton* (*People ex rel. Swiderski v. Brierton* (1978), 65 Ill. App. 3d 153, 382 N.E.2d 628). Indeed, we find the reasoning of those decisions most persuasive. As the *Lofton* court stated,

> "In cases such as *Nolan* involving illness or injuries which manifest themselves gradually over the course of many years, as contrasted with those injuries caused and/or exacerbated by a sudden traumatic event, it is difficult to pinpoint the precise time the injury occurs. The Illinois Supreme Court believed that in such a situation 'the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the right to sue.' [Citation.] On the other hand, as in the instant

case, where the injury results from a sudden traumatic event, it is not difficult to pinpoint the precise time the injury occurs, i.e., at the time the sudden traumatic event occurs. Moreover, the view urged on us by the plaintiff in this case would effectively render the statute of limitations meaningless because under the plaintiff's view the limitation period would not begin to run until the plaintiff retained an attorney who was willing to file a law suit more than three years after the sudden traumatic event causing the injury." (694 F.2d 514, 518.)

We agree with this analysis of the supreme court's holding in *Knox College, Nolan* and *Witherell.*

■ For the reasons set forth, we believe the discovery rule does not apply to the facts of the instant case where a sudden traumatic event caused the plaintiff's injury. Rather, we believe the statute of limitations began to run on August 22, 1979, the date of the explosion at the Roanoke Farmers Association. It follows then that the order of the circuit court of Peoria County dismissing this action as time-barred was correct.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.