Kenneth LaPORTE, Plaintiff,

v.

R.D. WERNER COMPANY,
INC., Defendant.

No. 82 C 4233.

United States District Court,
N.D. Illinois, E.D.

March 24, 1983.

Raymond C. Leake, Leake, Esposito & Heuel, Chicago, Ill., for plaintiff.

Patrick J. Muldowney, Law Offices of George J. Guest, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Kenneth LaPorte ("LaPorte") originally filed a three-count Complaint against R.D. Werner Company, Inc. ("Werner") for personal injuries sustained while using a Werner-manufactured step ladder:

DCA 1974) (upholding Fla.Stat. 679.504, U.C.C. § 9–504).

1. Count I, which sounded in negligence, has previously been found time-barred by this Court.

2. Count II is based on strict liability principles.

3. Count III asserts breach of implied warranty under the Uniform Commercial Code ("UCC").

Werner has now moved for summary judgment as to surviving Counts II and III on statute of limitations grounds. For the reasons stated in this memorandum opinion and order, Werner's motion is granted.

### Factual Background[1]

Sometime in 1980 Howard and Lillian Huberty hired LaPorte to construct an additional room for their Cary, Illinois home. They also provided LaPorte with their ladder, which had been manufactured by Werner in June 1967 and purchased by the Hubertys more than four years before this action was filed. On or before June 18, 1980[2] the ladder apparently buckled while LaPorte was climbing it, causing him to fall and injure his arm.

### Procedural Posture

On July 8, 1982 LaPorte brought this lawsuit. On July 28 Werner filed its Answer, which made no mention of any affirmative defense. Werner then moved for summary judgment, contending the Complaint was barred by the two-year limitations period prescribed for "personal injury" actions under Ill.Rev.Stat. ch. 110, § 13–202 ("Section 13–202"). When the motion was initially tendered, LaPorte's counsel conceded Count I was so foreclosed but argued Counts II and III were not. In light of LaPorte's admission, this Court granted Werner's motion as to Count I but reserved judgment on the others until the parties briefed the issues.

1. There is no dispute as to the relevant facts.

2. According to the hospital records adduced by Werner, LaPorte received medical treatment for his injuries June 18. As LaPorte's counsel conceded in open court, the Complaint's unsupported allegation that the accident occurred on July 16 must therefore be ignored.

Werner's memoranda altered its position somewhat. While continuing to rely on Section 13–202 as to Count II, Werner now acknowledges UCC § 2–725 ("Section 2–725," enacted in Illinois as Ill.Rev.Stat. ch. 26, § 2–725) controls Count III. Werner argues Section 2–725's four-year period expired before this action was filed because the claim "accrued" at the time of the breach of warranty, not the time of injury.

LaPorte advances three reasons to resist summary judgment:

1. Werner has not filed an appropriate summary judgment motion on Counts II and III. Its motion was directed solely to Count I, for the statute of limitations on which the motion relied exclusively—Section 13–202—applies only to Count I.

2. Under Fed.R.Civ.P. ("Rule") 8(c) Werner waived its limitations defenses by failing to plead them in its Answer.

3. Count III is not barred by Section 2–725 because its limitation period began to run at the date of injury—the earliest time the ladder's allegedly defective condition could have been discovered.

None of those arguments survives scrutiny.

### Analysis of LaPorte's Assertions

█ LaPorte's first contention is groundless. Werner's initial motion unqualifiedly sought summary judgment on the entire action:

> Now comes Defendant, R.D. Werner, Inc. by its attorney Patrick J. Muldowney, hereby moving for a summary judgment in its favor against plaintiff Kenneth LaPorte. . . .

True enough, Section 13–202—the only statute of limitations provision initially mentioned in the motion—is inapplicable to Count III.[3] But that does not mean the

3. Contrary to LaPorte's assertion, Section 13-202 does apply to Count II. Ill.Rev.Stat. ch. 110, § 13–213(b) (emphasis added) confirms strict liability claims are not governed by special limitations provisions:

> (b) Subject to the provisions of subsections (c) and (d) [inapplicable here] no product liability action based on the doctrine of strict liability in tort shall be commenced except

motion itself was confined to Counts I and II (apparently when the motion was filed Werner's counsel mistakenly thought Section 13–202 applied to all LaPorte's claims). Nor does Werner's original failure to call upon the appropriate limitations statute for Count II preclude it from doing so in its supporting memorandum, particularly when LaPorte's opportunity to rebut the new argument is unimpaired.[4]

Though somewhat more cogent, LaPorte's second assertion—that Werner waived its statute of limitations defenses—must also be rejected. Old case law in this Circuit did refuse to allow a defendant to seek summary judgment on the strength of an affirmative defense not pleaded in its answer. *See Roe v. Sears Roebuck & Co.*, 132 F.2d 829, 832 (7th Cir.1943). But under Rule 15(a)'s liberal standards a defendant could usually avert that outcome by amending its answer to include the defense.

■ Perhaps to avoid such meaningless two-step procedural exercises, our Court of Appeals signalled its preference for a more pragmatic approach in *Baker v. Chicago, Fire & Burglary Detection, Inc.*, 489 F.2d 953, 955 (7th Cir.1973). *Baker* reached the merits of a defense raised for the first time in a summary judgment context because plaintiff did not "appear to have been unfairly disadvantaged by [defendant's] failure to plead the defense in his answer"— the same type of "prejudice" standard district courts regularly employ in determining whether to permit amendments to pleadings. *See* 6 Wright & Miller, *Federal Practice & Procedure* § 1485, at 420. Given *Baker*'s gloss on Rule 8(c), Werner's non-assertion of limitations defenses in its answer is not a waiver. There is no indication (or

claim) LaPorte will suffer any prejudice, so as to preclude Werner from curing any claimed waiver by a Rule 15(a) amendment to its answer.

■ Finally, LaPorte's effort to engraft a discovery exception onto Section 2–725 (the limitations statute applicable to implied warranty claims) contravenes both its unambiguous language and Illinois case law. Its provisions are crystal-clear:

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Section 2–725(2) thus expressly limits the discovery exception to warranties that explicitly guarantee future performance. By proclaiming the general rule that a cause of action accrues when the breach occurs, "regardless of the aggrieved party's lack of knowledge of the breach," Section 2–725(2) denies applicability of the discovery doctrine to all *implied* warranty actions. Such unwritten guaranties by definition can never "explicitly" encompass future performance.

within the *applicable limitations period* and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

Because Count II seeks damages for personal injury, Section 13–202 defines the "applicable limitations period." Count II is therefore doubly barred, for suit was brought both more than two years after the date of injury (Section 13–202) and more than 12 years after Werner first sold the ladder (Section 13–213(b)).

4. Indeed this Court could well hold LaPorte to have waived such procedural objections. After all, his counsel did agree in open court to brief the substantive issue: whether Counts II and III are time-barred.

Few Illinois authorities touch on this issue, but they uniformly support this straightforward reading. *Beckmire v. Ristokrat Clay Products Co.,* 36 Ill.App.3d 411, 412–13, 343 N.E.2d 530, 532 (2d Dist.1976); *Wilson v. Massey-Ferguson, Inc.,* 21 Ill. App.3d 867, 871, 315 N.E.2d 580, 582–83 (4th Dist.1974); *Jones & Laughlin Steel v. Johns-Manville Sales,* 626 F.2d 280, 290–91 (3d Cir.1980) (applying Illinois law).[5]

Against these solid Illinois precedents, LaPorte's reliance on a district court decision applying Texas law, *Morton v. Texas Welding & Manufacturing,* 408 F.Supp. 7, 11 (S.D.Tex.1976), is fruitless. *Erie v. Tompkins* principles foreclose its applicability, and the relationship between the Texas UCC and prior Texas law was entirely different from the comparable Illinois situation in any event.

Accordingly, Section 2–725's clock started ticking when Werner's implied warranty was breached—when the allegedly defective ladder was delivered to the Hubertys. Because this lawsuit was instituted more than four years after the date of delivery, Count III is barred by Section 2–725.

### Conclusion

There is no genuine issue of material fact, and Werner is entitled to a judgment as a matter of law on all three Counts. This action is dismissed with prejudice.

---

5. Unlike the plaintiffs in those cases, LaPorte did not purchase the defective product. But LaPorte does not assert (nor does this Court perceive) that difference as a principled basis for distinguishing such decisions. As the Illinois authorities make plain, the availability of the discovery rule turns on the nature of the warranty (whether it explicitly extends to future performance), not on the plaintiff's status.