Buddy Joe OWENS, Plaintiff,

v.

**GLENDALE OPTICAL COMPANY, a New York Corporation, et al., Defendants.**

Civ. No. 83–4090.

United States District Court, S.D. Illinois, Benton Division.

Jan. 19, 1984.

E. Charles Geittmann, Metropolis, Ill., for petitioner.

William A. Alexander, Caldwell, Troutt, Alexander, Quindry & Popit, Benton, Ill., for Welder's Supply, Inc.

J.C. Mitchell, Mitchell & Armstrong, Ltd., Marion, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is a Motion for Judgment on the Pleadings or Summary Judgment by defendant Glendale Optical Company.

The key issue is whether or not plaintiff sustained a traumatic injury so that his claim would be barred by the applicable statutes of limitations. The facts alleged are as follows: On or about May 17, 1977, in the course of plaintiff's employment as a welder, a piece of hot slag flew from an iron object which plaintiff was cutting with a torch. The object landed on top of the plaintiff's safety goggles, burned through the frame and dropped to the bottom of the frame, lodging against the skin below plaintiff's eye. The burn was apparently small, comparable in size to a pea or the eraserhead on a pencil (plaintiff's deposition at 75, John Holt's deposition at 25). Plaintiff did not seek medical attention until April of 1982. Plaintiff was diagnosed as having skin cancer for which he underwent surgical treatment. Between the time of the original burn and diagnosis, the sore would heal up and break out periodically. On April 11, 1983, plaintiff sued the manufacturer of the goggles (Glendale Optical Co.) on theories of strict liability, breach of express or implied warranty and negligence.

Defendant seeks to characterize plaintiff's injury as traumatic so that under the holding of *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970) the statute of limitations would begin to run from the time of the traumatic event which caused the injury *i.e.* the burning of plaintiff's skin. Since the burn occurred in 1977 and suit was filed in 1983, plaintiff's negligence and strict liability claims would be time barred (*See Ill.Rev. Stat.*, ch. 110, paras. 13–202, 13–213; the statute of limitations issue regarding breach of warranty will be discussed later in the opinion).

Plaintiff, in opposition, argues that the injury should not be dealt with under the traumatic injury rule, since he did not discover his injury, the cancer, at the time of the traumatic event. It is plaintiff's position that the exact time at which he should have known that he had skin cancer and that the cancer was wrongfully caused is a question for the jury. Thus plaintiff seeks to invoke the discovery rule which provides "... when a party knows or reasonably should know both that an injury has oc-

curred and that it was wrongfully caused, the statute begins to run ...." *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 52 Ill.Dec. 1, 5, 421 N.E.2d 864, 868 (1981); *accord, Hobby v. Johns-Manville Sales Corp.*, 573 F.Supp. 53, 55 (S.D.Ill.1983) (cause of action for asbestos-related disease could accrue no later than time of diagnosis under discovery rule).

Since matters outside the pleadings have been presented to the Court, defendant's motion shall be treated as one for summary judgment. *Fed.R.Civ.P.* 12(c). The purpose of summary judgment is to prevent an unnecessary trial where, on the basis of pleadings and supporting documents, there remains no material issue of fact to be tried. *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 559 (7th Cir.1970). The Court may not try disputed fact questions on the basis of evidence before it (*Carter v. Williams*, 361 F.2d 189, 194 (7th Cir.1966)) and all inferences drawn from such evidentiary materials must be in favor of the non-moving party. *Cedillo v. International Association of Bridge, Etc.*, 603 F.2d 7, 11 (7th Cir.1979). The sole determination of the trial court is whether or not a dispute as to a material fact exists (*Carter, supra*) and the burden is on the movant to make this showing. *Rose v. Bridgeport Brass Co.*, 487 F.2d 804, 808 (7th Cir.1973). The parties are apparently in agreement that the plaintiff was burned below his right eye sometime in May of 1977. Thus, the threshold legal issue is whether this event triggered the running of the applicable statute of limitations.

The issue presented is a novel one, not neatly falling within the category of cases decided under either the discovery rule or the "traumatic injury rule".[1] Although plaintiff's ultimate injury may be traced to what could be viewed as a traumatic event, the burning of the skin under his right eye, the injury for which he seeks compensation, the cancer, is the type of slowly developing disease for which the discovery rule

is commonly employed. *See Nolan, supra.* After a review of Illinois case law in this area, it is the Court's opinion that common sense and the policy behind the discovery rule compel the conclusion that this is not a proper case for the application of the traumatic injury rule.

Illinois Courts have found application of the traumatic injury rule appropriate in cases where it was apparent at the time of the traumatic event that the injury was serious enough to be compensable in a legal action, assuming such injury was wrongfully caused. *See Berry v. G.D. Searle & Co.*, 56 Ill.2d 548, 309 N.E.2d 550 (1974); *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970); *Le Pretre v. Petrie Bros.*, 113 Ill. App.3d 484, 69 Ill.Dec. 334, 447 N.E.2d 551 (3d Dist.1983); *Bates v. Little Co. of Mary Hospital*, 108 Ill.App.3d 137, 63 Ill.Dec. 887, 438 N.E.2d 1250 (1st Dist. 1982). In the case at bar, however, it was by no means clear that plaintiff had a compensable injury at the time of the burn. Plaintiff's deposition indicates that he had been burned before in the course of his employment as a welder (plaintiff's deposition at 58, 102) and did not feel the burn in this case was a serious enough injury to warrant a trip to the doctor (plaintiff's deposition at 76). Plaintiff also indicated that he once had a burn on his hand which took over two years to heal (plaintiff's deposition at 102–104). The testimony of plaintiff's employer at the time of the burn, John Holt, also indicated that most slag burns normally will heal properly and disappear; Mr. Holt did not feel the burn warranted a trip to the doctor (deposition of John Holt at 27).

Application of the traumatic injury rule to plaintiff's claim would mean that everytime a welder received a burn, no matter how minor, he would have to sue within two years of the date of that burn in order to protect himself from the possibility that cancer would develop from that burn some-

---

1. The "traumatic injury rule" is a term used herein to describe the legal theory that a plaintiff knows of his right to sue at the time of the

traumatic event. *See Williams, supra,* 261 N.E.2d at 313.

time in the future. The Court does not believe the purpose of the traumatic injury rule would be served by forcing plaintiffs to either engage in anticipatory litigation or risk the loss of a legal claim. Rather, the traumatic injury rule is designed to prevent stale litigation by plaintiffs who should know they have a compensable injury at the time of the traumatic event. Where a compensable injury is not apparent at the time of the traumatic event, as in the present case, it is unreasonable to assume that a plaintiff knows he has received a compensable injury. In such a case, the discovery rule requires an inquiry as to when a plaintiff reasonably should have known of his injury for purposes of the statute of limitations.

In this case, the injury for which plaintiff sues is not the burn, but the cancer which allegedly developed from the burn. From the depositions of two doctors, it appears that the type of cancer plaintiff had could have developed in a matter of months or a matter of years deposition of Dr. Koldys at 18–19, 30–33; deposition of Dr. McCracken at 8–9. Thus, this type of injury develops over time and is similar in this regard to the disease of abestosis for which the Illinois Supreme Court invoked the discovery rule in *Nolan, supra.*

 On the other hand, plaintiff's injury bears little similarity to the types of injuries for which the traumatic injury rule has been found appropriate (*See Berry, supra,* stroke; *Williams* and *Bates, supra,* injuries caused by being pinned or run over by machinery; *LePretre, supra,* severe burns caused by explosion; *See also Lofton v. General Motors,* 694 F.2d 514 (7th Cir. 1982), disc damage from a fall). Although the plaintiff in this case may have waited an unreasonable length of time before filing suit, the Court feels resolution of this question is inappropriate for summary judgment. Under Illinois law, "[t]he question of when a party knew or should have known both of an injury and its probable wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them." *Nolan,*

*supra,* 52 Ill.Dec. at 5–6, 421 N.E.2d at 868–869. In the present case, disputed fact issues exist as to whether the burn changed in size or appearance. Moreover, the issue of when the plaintiff should have known of the injury invokes the reasonable man standard, a standard most appropriately applied by the jury. *See* Wright, Miller, & Kane, *Federal Practice and Procedure,* § 2729 at 194 (2d Ed.1983). Accordingly, defendant's Motion for Summary Judgment on the issues of strict liability and negligence will be denied.

Defendant also argues that plaintiff's claims for breach of express and/or implied warranty, are time barred. The statute of limitations for breach of warranty actions found in the Uniform Commercial Code is as follows:

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

*Ill.Rev.Stat.,* ch. 26, § 2–725(1)(2). In *Berry v. G.D. Searle & Co.,* 56 Ill.2d 548, 309 N.E.2d 550 (1974), the Illinois Supreme Court noted that before the Uniform Commercial Code was adopted in Illinois, Illinois Courts applied the two-year statute of limitations for personal injury regardless of whether the claim was brought under a tort or implied warranty theory. 309 N.E.2d at 550. The Court concluded that the legislature in passing § 2–725 intended its plain meaning to be given effect and that § 2–725 governed causes of action for

personal injuries sustained due to breach of warranty. 309 N.E.2d at 554.

■ In the present case, plaintiff alleges the slag burned through the safety goggles allegedly manufactured by defendant on or about May 17, 1977; the goggles must have been delivered prior to that time. Since breach of warranty occurs when tender of delivery is made, regardless of the party's knowledge of the breach, it is clear the alleged breach occurred more than four years before the present suit was filed. The only exception to the four year rule found in § 2–725(2) is where a warranty "explicitly extends to future performance." Thus, any claim for breach of implied warranties would be barred. Moreover, the exception has been strictly construed by Illinois Courts. In *Moorman Mfg. Company v. National Tank Company*, 91 Ill.2d 69, 61 Ill.Dec. 764, 435 N.E.2d 443 (1982), the Illinois Supreme Court held that the exception applies only where there is an explicit reference to future performance in the warranty. 61 Ill.Dec. at 775, 435 N.E.2d at 454. *See also La Porte v. R.D. Werner Co. Inc.*, 561 F.Supp. 189 (N.D.Ill.1983).

■ Defendant has not put forth any evidence, in the form of affidavit or otherwise, to support its conclusion that no warranty as to future performance existed. Bare allegations regarding the absence of evidence do not entitle a defendant to summary judgment. *See Strond v. Delta Airlines*, 392 F.Supp. 1184 (N.D.Ga.1975), *affirmed on other grounds*, 544 F.2d 892 (5th Cir.1977), *cert. denied*, 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110; *In Re Midwest Milk Monopolization Litigation*, 380 F.Supp. 880, 883 (W.D.Mo.1974). Even if the motion is construed as one for judgment on the pleadings, it being argued that no explicit reference to future warranty was pled in the complaint, the Court finds this issue inappropriate for determination at this time. Plaintiff has pled breach of express warranty, and defendant has not clearly established that no material issue of fact remains to be resolved as to whether this alleged express warranty extended to future performance. As stated by one author in regard to a motion for judgment on the pleadings:

> ... hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defenses. The importance of this policy has made federal judges unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material fact remains to be resolved and that he is entitled to judgment as a matter of law.... In this fashion the courts hope to insure that the rights of the non-moving party are decided as fully and fairly on a Rule 12(c) motion, as if there had been a trial.
>
> For purposes of the court's consideration of the motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.

Wright & Miller, § 1368 at 690–691. Accordingly, out of an abundance of caution, the Court will postpone determination of this issue until trial.

■ The final point raised by defendant regarding plaintiff's warranty claim is that plaintiff's third amended complaint does not allege notice of the breach was given to the defendant pursuant to *Ill.Rev.Stat.*, ch. 26, para. 2–607(3)(a). Illinois law holds that notification of a breach need only be given to the immediate seller. *Goldstein v. G.D. Searle & Co.*, 62 Ill.App.3d 344, 19 Ill.Dec. 208, 211, 378 N.E.2d 1083, 1086 (1st Dist. 1978). Defendant does not claim plaintiff failed to do so or attack the complaint on this basis. Moreover, the filing of a lawsuit may satisfy the notice requirements. *Goldstein, supra*, 19 Ill.Dec. at 214, 378 N.E.2d at 1089. Whether or not this notice has been given within a reasonable time is another matter.

Accordingly, defendant's Motion for Summary Judgment (Document 32) is hereby GRANTED only as to plaintiff's claim

for breach of implied warranties and is hereby DENIED on all other grounds.

IT IS SO ORDERED.