765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MILDRED L. BAIR, PLAINTIFF-APPELLANT,
v.
HOOVER COMPANY; INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, DEFENDANTS-APPELLEES.
 NO. 83-3207
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ORDER
 BEFORE: ENGEL and KEITH, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 This Ohio plaintiff appeals from a district court judgment dismissing her action for being filed beyond the three month statute of limitations provided under Ohio law for filing hybrid Sec. 301 suits under 29 U.S.C. Sec. 185 of the Labor Management Relations Act. Plaintiff charged her company with illegally discharging her in violation of the collective bargaining agreement, and also charged her union with unfair representation. Her grievance was initially denied on February 12, 1981; and, on July 1, 1981, plaintiff was formally notified that the union had withdrawn her grievance and had decided not to submit the grievance to arbitration. Plaintiff filed her Sec. 301 suit in federal court ten months later on May 19, 1982.
 
 
 2
 On appeal, the plaintiff argues that the district court should not have retroactively applied Badon v. General Motors Corp., 679 F.2d 93 (6th Cir. 1982), to bar her suit, and that the district court also abused its discretion in allowing the defendants to amend their answers and their motion for summary judgment twelve days before the scheduled trial so they could assert the statute of limitations as a defense to her action. The defendants assert on appeal that DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), applies to bar plaintiff's suit, and that the district court did not abuse its discretion in granting them permission to amend their answers and motion for summary judgment because they asserted the defense within a reasonable time after they learned that the defense was available to them from a reading of this Court's decision in Badon v. General Motors Corp., supra.
 
 
 3
 Subsequent to the district court's dismissal of plaintiff's suit, the Supreme Court decided that the six month time period contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), applied to control the timeliness of hybrid Sec. 301 suits; DelCostello v. International Brotherhood of Teamsters, supra; and, the Sixth Circuit has decided to apply this decision retroactively. Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Under this authority, it is clear that plaintiff's suit was untimely.
 
 
 4
 The district court's decision to allow the defendants to assert the time-bar as a defense in an amended pleading can be overturned only upon an abuse of its broad discretion, by the showing of prejudice to the plaintiff, or upon the showing of waiver of the defense by the defendants. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983); Pierce v. County of Oakland, 652 F.2d 671 (6th Cir. 1981) (per curiam).
 
 
 5
 Upon consideration of the cause, this Court concludes that the district court did not abuse its discretion in allowing the assertion of the affirmative defense under the circumstances of this case.
 
 
 6
 This panel, therefore, unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment dismissing plaintiff's suit is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.