765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD KROSKY, PLAINTIFF-APPELLANT,
v.
NAVAJO FREIGHT LINES, INC,; TRUCK DRIVERS, LOCAL 407,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA, DEFENDANTS-APPELLEES.
 NO. 83-3263
 United States Court of Appeals, Sixth Circuit.
 5/7/85
 
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 This Ohio plaintiff appeals from a district court judgment dismissing his hybrid Sec. 301, 29 U.S.C. Sec. 185, suit for being filed beyond the three month statute of limitations provided under Ohio law. Plaintiff charged his former employer with illegally discharging him in violation of the collective bargaining agreement, and he also charged his union with unfair representation. His two grievances which addressed his discharge were denied on July 28, 1976 and January 24, 1977 by the Cleveland Joint Area Grievance Committee. Twenty months later, on September 22, 1978, the plaintiff filed his hybrid Sec. 301 suit in federal court.
 
 
 2
 After several postponements of trial, the company and the union both filed motions to amend their answers on June 26, 1981 and July 22, 1981, respectively, to assert the statute of limitations as a time-bar to plaintiff's suit in light of the holding in United Parcel Service v. Mitchell, 451 U.S. 56 (1981), which had been decided on April 20, 1981. The plaintiff opposed the motions because the defendants had waited three years to finally assert the affirmative defense, and because both of the statutes of limitations which were being relied upon by the defendants had been in effect well before plaintiff filed his suit. Plaintiff also opposed the motions on the ground that Mitchell was not applicable to his suit, and that either a two, four or six year statute of limitation under Ohio law should be applied to his case.
 
 
 3
 Upon consideration of the cause in light of all the arguments raised by the parties in their briefs, this Court concludes that the plaintiff's suit was properly dismissed for being untimely. Although the district court did not expressly rule on the defendants' motions to amend, it certainly granted the motions sub silento in its ultimate ruling; and, this ruling was not an abuse of the district court's broad discretion. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983); Pierce v. County of Oakland, 652 F.2d 671 (6th Cir. 1981) (per curiam). As was recognized by this Court in Lawson v. Truck Drivers, Chauffers & Helpers, ETC., 698 F.2d 250, 254 (6th Cir.), cert. denied, 104 S.Ct. 69 (1983), prior to Mitchell, there was much confusion in the circuits concerning what statute of limitations was applicable to determine the timeliness of Sec. 301 suits. This confusion is even evident from the plaintiff's own alternative appellate arguments submitting multiple Ohio statutes of limitations which could be applied to his case. With the decision in Mitchell, however, litigants were placed on notice that a shorter statute of limitations may be applied to Sec. 301 suits especially a time-limit available under Ohio law for bringing actions to vacate arbitral awards. Given this development in the law and under the circumstances of this case, it is apparent that the defendants did act within a reasonable time after Mitchell was decided to assert an affirmative defense which they believed to be available to them.
 
 
 4
 Subsequent to the district court's judgment, however, it has been settled that the six month time-period contained in Sec. 10(b) of the NLRA, 29 U.S.C. Sec. 160(b), is the applicable period to apply to Sec. 301 suits. DelCostello v. Teamsters, 462 U.S. 151 (1983); and, this Court has decided to apply DelCostello retroactively. Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Notwithstanding plaintiff's argument that DelCostello should not be applied to his case because his grievances were not denied on the merits, it is clear that the six month time period should be applied to all hybrid Sec. 301 suits claiming a breach of the collective bargaining agreement and breach of the union's duty of fair representation. See DelCostello v. Teamsters, 464 U.S. at 164 and 166 n.16. If the plaintiff means to infer that the decisions denying his grievances were not final and binding on him because they were not entered on the merits, then it is clear that the plaintiff has proceeded to federal court without first timely exhausting his available remedies. Miller v. Chrysler Corp., 748 F.2d 323 (6th Cir. 1984); Monroe v. International Union, UAW, 723 F.2d 22 (6th Cir. 1983). This position would provide another basis to support the dismissal of plaintiff's suit.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed for the aforementioned reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.