**Alonzo WHITENER, et al., Appellants,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**
**Appellee.**

No. 85–325.

District of Columbia Court of Appeals.

Submitted Jan. 16, 1986.

Decided Feb. 25, 1986.

Manuel Auerbach, was on brief, for appellants.

Jordan S. Himelfarb, Washington, D.C., was on brief, for appellee.

Before MACK, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

The sole issue to be decided on this appeal is whether appellee waived its right to assert the statute of limitations as a bar to appellants' claim when it did not affirmatively plead the statute in its answer to the complaint, but raised it for the first time seven months later in a motion for judgment on the pleadings. Because appellants made no showing of prejudice, and the record discloses none, we hold that appellee did not waive the statute of limitations by failing to raise it in its answer, and that it was proper for the trial court to grant the motion for judgment on the pleadings on that ground. We therefore affirm the judgment.

**I**

Appellants, Alonzo, Charles, and Lee Ethel Whitener, filed a complaint against

appellee, the Washington Metropolitan Area Transit Authority (WMATA), on May 8, 1984, alleging that they had been injured as a result of WMATA's negligence. The cause of action arose on April 9, 1981, when a bus owned by WMATA and driven by one of its employees crashed into the Whitener family car, allegedly causing severe injuries to all three appellants. The complaint sought a total of $750,000 in damages.

On May 30, 1984, WMATA filed its answer to the complaint. The answer raised three defenses: (1) that the complaint failed to state a cause of action; (2) that WMATA was not negligent; and (3) that the Whiteners were solely or contributorily negligent. Almost seven months later, on December 20, WMATA filed a motion for judgment on the pleadings in which it raised, for the first time, the affirmative defense of the statute of limitations. The Whiteners opposed the motion, contending that WMATA had waived its right to assert the statute of limitations when it failed to raise the defense in its answer. The trial court disagreed and granted WMATA's motion; the Whiteners appeal.

## II

It is undisputed that the Whiteners did not file their complaint within the three-year limitation period prescribed by statute for claims of this kind. D.C.Code § 12–301(8) (1981). The accident occurred on April 9, 1981, but the complaint was not filed until May 8, 1984. Nevertheless, the Whiteners argue that WMATA waived the statute of limitations by not asserting that defense in its answer, and that it was barred by Super.Ct.Civ.R. 8(c) from raising the defense thereafter in its motion for judgment on the pleadings. This specific issue has never before been decided by this court, although it has been foreshadowed in at least two recent cases, *Goldkind v. Snider Brothers, Inc.*, 467 A.2d 468 (D.C. 1983), and *Jackson v. District of Columbia*, 412 A.2d 948 (D.C.1980). Case law from several federal courts construing the

corresponding federal rule, together with *Goldkind* and *Jackson*, leads us to conclude that WMATA did not waive the statute of limitations by failing to raise it in its answer, and that the trial court did not err in entering judgment for WMATA based on the statute.

Super.Ct.Civ.R. 8(c) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... [the] statute of limitations ... and any other matter constituting an avoidance or affirmative defense." The Superior Court rule is identical to Rule 8(c) of the Federal Rules of Civil Procedure; accordingly, "we may look to federal court decisions interpreting the federal rule as 'persuasive authority in interpreting [the local rule].'" *Goldkind v. Snider Brothers, Inc., supra*, 467 A.2d at 472, quoting from *Vale Properties, Ltd. v. Canterbury Tales, Inc.*, 431 A.2d 11, 13 n. 3 (D.C.1981). The statute of limitations is an affirmative defense which, under Rule 8(c), "must be set forth affirmatively in a responsive pleading," *Bergman v. United States*, 551 F.Supp. 407, 423 (W.D.Mich. 1982), and may be waived if not promptly pleaded. *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1155 (2d Cir.1968). "[T]he party wishing to raise the defense is obliged to plead the Statute of Limitations at the earliest possible moment." *Id.* On the other hand, Rule 8(f) requires that pleadings be construed so as "to do substantial justice," and this court has repeatedly held that the rules reflect a preference for resolution of disputes on the merits, not on technicalities of pleading. *E.g., Keith v. Washington*, 401 A.2d 468, 470 (D.C.1979). Moreover, we must read Rule 8 in light of Rule 15(a), which permits parties to amend their pleadings "once as a matter of course at any time before a responsive pleading is served" or thereafter by leave of court, which "shall be freely given when justice so requires."

Appellants rely principally on *Roe v. Sears, Roebuck & Co.*, 132 F.2d 829 (7th Cir.1943), in which the court held that a party may raise the statute of limitations in

a motion for summary judgment, but only if that party makes the motion before filing an answer. Because the defendant in *Roe* did not do that, it "waived the statute of limitations by not pleading this defense in its answer." *Id.* at 832; *accord, Basko v. Winthrop Laboratories, Inc.,* 268 F.Supp. 26, 28–29 (D.Conn.1967) (because the statute of limitations was the obvious defense, "in fairness to all parties [it] should have been explicitly preserved in the answer"); *see Strauss v. Douglas Aircraft Co., supra,* 404 F.2d at 1156 (when defendant sought leave to amend its answer four years after it was filed, court held that defendant "should have raised the limitations defense in its original answer" because its failure to do so substantially prejudiced plaintiff's case); *Faith v. Texaco, Inc.,* 48 F.R.D. 118 (W.D.Mich.1969) (motion for leave to amend answer and plead statute of limitations denied when defendant waited until four years after suit was filed).

The trend in both this court and the federal courts, however, is to be flexible in the interpretation of Rule 8(c), especially when no substantial prejudice would result from permitting the defendant to raise an affirmative defense at a later stage in the litigation. For example, in *LaPorte v. R.D. Werner Co.,* 561 F.Supp. 189, 191 (N.D.Ill. 1983), a federal district court in the Seventh Circuit held that the defendant's "nonassertion of limitations defenses in its answer is not a waiver." It brushed aside "[o]ld case law in this Circuit," namely *Roe v. Sears, Roebuck & Co., supra,* and instead cited a more recent Seventh Circuit case, *Baker v. Chicago Fire & Burglary Detection, Inc.,* 489 F.2d 953 (7th Cir.1973), which "reached the merits of a defense raised for the first time in a summary judgment context because plaintiff did not 'appear to have been unfairly disadvantaged by [defendant's] failure to plead the defense in his answer'...." *LaPorte, supra,* 561 F.Supp. at 191, quoting from *Baker, supra,* 489 F.2d at 955. The court also noted that this is "the same type of 'prejudice' standard district courts regularly em-

ploy in determining whether to permit amendments to pleadings." *LaPorte, supra,* 561 F.Supp. at 191 (citations omitted). In light of *LaPorte* and *Baker,* appellants' reliance on *Roe* is misplaced.

In *Goldkind v. Snider Brothers, Inc., supra,* we held that the failure of the defendants to raise the defenses of collateral estoppel and *res judicata* in their answers to a cross-claim did not constitute a waiver of those defenses. Our opinion cited a string of cases which held "that when an affirmative defense is raised by motion at the pleading stage, courts will generally ignore the technical requirements of Rule 8(c) and allow the defense to be litigated." 467 A.2d at 472. We also pointed out:

> [B]oth parties were well aware of the *res judicata* and collateral estoppel issues, having extensively briefed and argued them before the trial court. Because appellants were fully aware of these affirmative defenses and because they had ample opportunity to respond, appellants cannot claim to have been prejudiced by appellees' failure to plead these defenses specifically in their answer to the cross-claim. Accordingly, it was proper for the trial court to consider these defenses in ruling on the motion for summary judgment.

*Id.* at 472–473 (footnotes omitted).

In this case, as in *Goldkind,* both parties briefed the trial court on the statute of limitations issue when the motion for judgment on the pleadings was filed. Thus appellants were not prejudiced by appellee's earlier noncompliance with Rule 8(c). *See Jackson v. District of Columbia, supra,* 412 A.2d at 951 (plaintiffs "were not prejudiced by the defendants' failure to amend their answer to include the collateral estoppel defense" because the trial court "considered the views of both parties on [that] issue"); *Willis v. Fournier,* 418 F.Supp. 265, 267 (M.D.Ga.), *aff'd,* 537 F.2d 1142 (5th Cir.1976) (failure to plead collateral estoppel in answer pursuant to Rule 8(c) was not fatal because "both parties after being informed of this issue by the

court submitted briefs and thus no prejudice ... resulted to the plaintiff by defendant's noncompliance with this rule"); *Beall v. Kearney & Trecker Corp.*, 350 F.Supp. 978, 981 (D.Md.1972) (defense of *res judicata,* although not raised in the pleadings, would be considered by the court because both parties briefed the issue).

Extending the holding in *Goldkind* to the facts of this case is consistent with this court's oft-stated view that Rule 8(c) must not be narrowly construed. *E.g., Scoggins v. Jude,* 419 A.2d 999, 1002 n. 3 (D.C.1980). "[W]here no prejudice results from a party's failure to adhere to the letter of the rule, a defense should not be lost." *Jackson v. District of Columbia, supra,* 412 A.2d at 951. It is also consistent with the trend in the federal courts to permit flexibility under Rule 8(c). *See* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277, at 332–334 (1969). For example, in *Pierce v. County of Oakland,* 652 F.2d 671, 672 (6th Cir.1981), the court held that the statute of limitations "was not waived simply because it was raised in a motion to dismiss rather than in the answer." To hold otherwise, the court said, " 'would be reminiscent of the days of common law pleading when the strict rules and forms of pleading were sovereign and frequently were permitted to prevail over substance.' " *Id.,* quoting from *Hayden v. Ford Motor Co.,* 497 F.2d 1292, 1294 (6th Cir.1974).

The court in *Pierce* believed it significant that the defense of the statute of limitations was apparent from the face of the complaint. It noted that "earlier Sixth Circuit cases have held that an affirmative defense is not waived, even though not specifically pleaded, where the defense clearly appears on the face of the pleading and is raised in a motion to dismiss." *Pierce, supra,* 652 F.2d at 672 (citations

omitted). Moreover, the court concluded that the plaintiff was not substantially prejudiced, even though the defendant had failed to raise the defense for three and one-half years. The plaintiff "did not forego other avenues of relief in reliance on defendant's failure to raise the defense ... nor has [she] suffered litigation expenses sufficient to warrant the preclusion of the defense in a pretrial motion to dismiss." *Id.* at 673 (citations omitted). Similarly, in this case, appellants were not prejudiced by appellee's seven-month delay in raising the defense. The statute of limitations defense was readily apparent from the face of the complaint, appellants did not forego any other avenue of relief in reliance on appellee's failure to plead the statute, and the only litigation expense they incurred was in answering a set of interrogatories. Since both parties had the opportunity to brief the trial judge on the merits of the defense before she made her ruling, we cannot discern any prejudice to appellants resulting from appellee's tardy assertion of the defense.[1]

To be clear, we are not saying that a party may raise the statute of limitations at any stage of the proceedings, no matter how many months or years may have passed since the complaint was filed. The trial court must be alert to the risk of prejudice, and especially to the fact that the risk "increases in proportion to the length of defendant's delay in seeking [to assert a defense not raised in the answer]." *Strauss v. Douglas Aircraft Co., supra,* 404 F.2d at 1155. We hold, however, that when there is no substantial prejudice to the plaintiff, a defendant is not barred by Rule 8(c) from raising the statute of limitations in a pre-trial motion, even though the statute has not been raised in the defendant's answer to the complaint.[2] This holding is consistent with prior case law interpreting Rule 8(c) in a flexible manner, and

1. Alternatively, the trial court could have granted appellee leave to amend its answer so as to raise the statute of limitations as a bar to appellants' claim. Super.Ct.Civ.R. 15(a). The net result, of course, would have been the same.

2. Our holding also applies, of course, to a party seeking to raise the statute of limitations as a bar to a counterclaim or cross-claim.

with our general duty to construe the rules "to secure the just, speedy, and inexpensive determination of every action." Super.Ct.Civ.R. 1.

*Affirmed.*