Curtis E. BRIGGS, Appellants,

v.

ISRAEL BAPTIST CHURCH, et al., Appellees.

No. 06–CV–325.

District of Columbia Court of Appeals.

Argued Sept. 20, 2007.

Decided Oct. 4, 2007.

Jason A. Kerpelman, for appellant.

Neil J. McDonald for appellees. Deborah E. Kane, Greenbelt, MD, was on the brief for appellees Israel Baptist Church, Clarence J. Alston, George W. Outten, Joseph Dawson, Fate Kearney, Huddie L. Leonard, Jasper J. Smith, Charles Weaver, James Wentz, and Irene Foster.

Carol S. Blumenthal, Washington, DC, for appellees A. Mial and R. Mial.

Before FARRELL and KRAMER, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Summary judgment was granted for the defendants in a suit filed by Briggs after the expiration of the applicable limitations period. Briggs contends that the trial court abused its discretion by allowing certain defendants to late-file a motion for summary judgment and other defendants to amend their answer late in the litigation process—actions that allowed the defendants to assert dispositive defenses based on the statute of limitations. We affirm.

### I.

Briggs was born on December 11, 1981, and resided for his first four years of life in an apartment owned by the church defendants (Israel Baptist Church and its

named trustees). During this time, Briggs was exposed to lead paint that purportedly caused him "permanent and severe brain damage." He subsequently moved to an apartment home owned by A. Mial, Jr. and R. Mial, Jr., (the Mial defendants).

On December 23, 2002, Briggs filed suit against the church defendants and the Mial defendants claiming damages arising from lead exposure. The Mial defendants filed an answer that asserted a statute of limitations defense; the church defendants filed an answer which failed to include a limitations defense. Pursuant to a modified scheduling order, the deadline for motions was June 27, 2005. No dispositive motions were filed by this date and the action was referred to mediation.

On October 27, 2005, the church defendants retained new counsel and successfully moved to modify the scheduling order, claiming "good cause" because the case was ripe for an immediate dispositive motion, the case involved a high-value claim and a battle of experts, and the four-month delay was not prejudicial to the plaintiff in light of the many years that had passed since the injury. The church defendants then moved for leave to amend their answer to include statute-of-limitations and charitable-immunity defenses, asserting that "justice so requires" the amendment because of the change in counsel, the potentially dispositive defenses, and the absence of prejudice to the plaintiff due to the fact that years had passed since the injury and the plaintiffs were on notice of the limitations defense as the Mial codefendants had pled it in their answer. On November 30, 2005, the church defendants moved for summary judgment, claiming the action was time-barred and asserting other defenses. Over appellant's opposition, the trial court granted the church defendants' motion to amend their answer and retroactively modified the scheduling

order to reflect a motions deadline of November 30, 2005. On February 22, 2006, the court granted the church defendants' motion for summary judgment.

On January 5, 2006, the Mial defendants—who had raised a statute of limitations defense in their answer—filed (1) a motion for leave to late-file a summary judgment motion, and (2) a motion for summary judgment claiming appellant's action was time-barred. Over appellant's opposition, the motion to late-file was granted on January 24, 2006, and the motion for summary judgment was granted on March 10, 2006. Appellant noted a timely appeal.

## II.

■ The parties agree that the present action is governed by a three-year limitations period and that the period was tolled until December 11, 1999, when appellant turned eighteen years old. *See* D.C.Code §§ 12–301(8), –302 (2007). Appellant's complaint was filed December 23, 2002, twelve days after the period expired.

■ Briggs contends that the trial court abused its discretion by retroactively modifying the scheduling order so as to accept a motion for summary judgment that was late-filed by the Mial defendants. Pursuant to Super. Ct. Civ. R. 16(b)(6), "[t]he scheduling order may not be modified except by leave of court upon a showing of good cause." Such pretrial scheduling matters are committed to the trial court's discretion. Super. Ct. Civ. R. 16; *Daniels v. Beeks*, 532 A.2d 125, 127–28 (D.C.1987). In reviewing a trial court's exercise of discretion, this court considers, among other factors, whether the trial court's determination was based upon and drawn from a firm factual foundation, whether the trial court's action was within the range of permissible alternatives, and whether the trial court's reasoning is substantial and sup-

ports the trial court's actions. *Johnson v. United States*, 398 A.2d 354, 364–65 (D.C. 1979).

On the facts and circumstances of the present case, we are satisfied that the trial court did not erroneously exercise its discretion (and perforce, did not "abuse it") in finding good cause to modify the scheduling order. *Id.* at 367. The Mial defendants apparently had missed the motions deadline due to counsel's mistaken assumption that the motions deadline had been extended by an order extending discovery deadlines. By modifying the scheduling order, the trial court allowed the Mial defendants to assert a defense they previously had preserved. Furthermore, Briggs was not demonstrably prejudiced by the delay; the injury had occurred many years earlier, discovery also had been extended, and Briggs was on notice from the Mial defendants' answer, as well as the face of the complaint, that the action was potentially time-barred and that the Mial defendants intended to assert a limitations defense. *Cf. Daniels, supra*, 532 A.2d at 128–29 (concluding that the trial court's refusal to amend the pretrial order was an abuse of discretion because the request for amendment was not filed on the eve of trial, the amendment was justified by the late discovery of evidence, and any surprise or prejudice could have been cured).

 Briggs also contends that the trial court erred by granting the church defendants leave to amend their answer. The decision to permit or deny the amendment of pleadings is reviewed for abuse of discretion. *District of Columbia v. Tinker*, 691 A.2d 57, 60 (D.C.1997); *Bennett v. Fun & Fitness of Silver Hill, Inc.*, 434 A.2d 476, 478–79 (D.C.1981). Although Super. Ct. Civ. R. 8(c) requires a defendant to affirmatively plead a statute-of-limitations defense in the answer, "a party

may amend the party's pleading ... by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Super. Ct. Civ. R. 15(a). Moreover, the rule of construction in Super. Ct. Civ. R. 8(f)— that "[a]ll pleadings shall be so construed as to do substantial justice"—"has been consistently interpreted to reflect 'a preference for the resolution of disputes on the merits, not on technicalities of pleading.'" *Tinker, supra*, 691 A.2d at 60 (quoting *Whitener v. Washington Metro. Area Transit Auth.*, 505 A.2d 457, 458 (D.C. 1986)).

 Thus, "[a]lthough the decision is a matter of trial court discretion, the policy favoring resolution of cases on the merits creates a 'virtual presumption' that a court should grant leave to amend [an answer] where no good reason appears to the contrary." *Bennett, supra*, 434 A.2d at 478–79 (citations and internal quotation marks omitted); *see also Tinker, supra*, 691 A.2d at 60 ("[U]nless there is prejudice to the opposing party, the rules of procedure cannot bar a defendant from raising the defense of statute of limitations even after the filing of its answer." (Citing *Whitener, supra*, 505 A.2d at 460.)) When considering possible prejudice to the opposing party, relevant factors include whether the statute of limitations defense was readily apparent from the face of the complaint, thus putting the plaintiff on notice that the complaint is vulnerable; whether the plaintiff decided to forego other avenues of relief in reliance on the defendants' failure to raise the defense; and whether the plaintiff has incurred undue litigation expenses because the defense was not pled earlier. *See Tinker, supra*, 691 A.2d at 61–62 (citing *Whitener, supra*, 505 A.2d at 460). "[D]elay-even lengthy delay—by itself will not usually provide sufficient

ground for refusal to allow an amendment." *Id.* at 61 (citation omitted).

In the present case, the trial court applied the *Whitener/Tinker* factors and concluded "that the command to do substantial justice requires permitting [the Church] defendants to amend their Answer to assert a statute of limitations defense, even at this late stage." The court noted that the parties fully briefed the issue to the trial court; the limitations defense was obvious on the face of the complaint so "the plaintiff must have known even before he filed his Complaint that it was time-barred," which "weighs significantly" against precluding the defense; and appellant did not forego other avenues of relief in reliance on the defendants' failure to assert the defense. Finally, the accrual of litigation expenses—which the court labeled "the only factor that even arguably favors the plaintiff's position"—was both undocumented and unpersuasive to the trial court in light of the plaintiff's extended delays in bringing and advancing the action. Under the circumstances, the trial court identified the proper legal standard, recited the specific circumstances that warranted granting the defendants leave to amend their answer, and took rational and informed action that was within the range of permissible alternatives. *See Johnson, supra,* 398 A.2d at 364–65. We are satisfied that the trial court acted well within its discretion.

Accordingly, the judgment below is affirmed.

*So ordered.*